## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

VICTOR L. JORDAN, SR.,
     *Plaintiff*,

      v.                          Case No. 3:24-CV-204 (VAB)

CHIAROO, et al.,
     Defendants.

### RULING ON MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Victor Jordan Sr.'s motion for reconsideration of the Court's initial review order. (ECF No. 11). After careful consideration, that motion is **DENIED**.

## I.     BACKGROUND

Mr. Jordan filed a pro se Complaint under § 1983, raising claims against prison officials for tampering with or losing his legal materials. (ECF No. 1 at 5–9).

The Complaint did not clearly identify the nature of each claim or against whom each claim was brought. *See id.* But construing it liberally, the Court determined that Mr. Jordan raised (1) a Fourteenth Amendment lost property claim, (ECF No. 10 at 5); (2) a First Amendment denial of access to the courts claim, *id.* at 6; and (3) a First Amendment interference with legal mail claim. *Id.* at 8.

The Court dismissed the Fourteenth Amendment lost property claim and the First Amendment denial of access to the courts claim with prejudice. *Id.* at 10. The Court dismissed the First Amendment interference with legal mail claim without prejudice. *Id.* The Court permitted Mr. Jordan to file an Amended Complaint repleading that claim by May 10, 2024. *Id.* The Court has now extended that deadline to June 3, 2024, on Mr. Jordan's motion. (ECF No. 13).

Mr. Jordan filed a motion for reconsideration of the Court's Initial Review Order dismissing his first two claims with prejudice. (ECF No. 11). The Court denies that motion for the following reasons.

## II. DISCUSSION

### A. Motion for Reconsideration Standard

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut allows for the filing of motions "for reconsideration." D. Conn. L. Civ. R. 7(c). The Second Circuit has held that "[m]otions for reconsideration under [the District of Connecticut's Local Civil Rules] ... are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e)—each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991). In general, three grounds justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

"A motion for reconsideration is committed to the sound discretion of the court." *Kregos v. Latest Line, Inc.*, 951 F. Supp. 24, 26 (D. Conn. 1996). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments

2

on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000).

Accordingly, "[a] motion for reconsideration may not be used to plug gaps in an original argument [,] to argue in the alternative once a decision has been made," *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (quotation omitted), "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quotation omitted).

**B. Application of the motion for reconsideration standard to Mr. Jordan's motion for reconsideration.**

Mr. Jordan raises several issues in his motion for reconsideration that are both within and outside the scope of such a motion. The Court addresses both types of issues, though neither moves the Court to reconsider its Initial Review Order.

### i. Issues within the scope of a motion for reconsideration.

First, Mr. Jordan maintains that the Court "should have given [him] leave to amend the entire complaint…" (ECF No. 11 at 1). This is within the scope of a motion for reconsideration because it could "correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255. Mr. Jordan cites two cases in support of his contention that the Court should have allowed him to amend his *entire* complaint, as opposed to just one claim. *See* (ECF No. 11 at 1) (citing *Collymore v. Krystal Myers, RN*, 74 F.4th 22 (2d Cir. 2023); *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007)). But neither case supports Mr. Jordan's contention that if the Court permits a plaintiff to amend one claim, it must permit a plaintiff to amend all claims.

*Collymore* concerned the sufficiency of a single Eighth Amendment claim. *Collymore*, 74 F.4th at 24. *Abbas* concerned a district court's premature dismissal of a complaint containing four claims that were dismissed because they were filed beyond the statute of limitations. *Abbas*, 480 F.3d at 638. Neither case held, as Mr. Jordan suggests, that if the Court permits a plaintiff to amend one claim, it must allow him to amend all claims. Neither case touches on that subject. Because Mr. Jordan points to no other case law holding that, this argument is without merit.

Secondly, Mr. Jordan also cites *Abbas* for the proposition that dismissals under section 1915A "must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" (ECF No. 11 at 1) (citing *Abbas*, 480 F.3d at 639). This is also within the scope of a motion for reconsideration because it could "correct a clear error or prevent manifest injustice*." Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255. But the amendments that Mr. Jordan suggests would still not "succeed in stating a claim." *Abbas*, 480 F.3d at 639.

Mr. Jordan "acknowledge[s] that in [his] initial complaint, I failed to specify, certain factors, and clear and precise facts, such as, the exact number of legal Boxes that were missing, and the contents as well as my need of the material within those boxes." (ECF No. 11 at 3). Mr. Jordan explains how his legal boxes contained materials that would have assisted him in preparing for one of his habeas trials, and that without these materials, he was unable to successfully present evidence at these trials. *See id.* at 3, 5. While true that these facts were omitted from Mr. Jordan's Complaint, inclusion of these facts in the Complaint would not have altered the Court's decision.

4

The Court's decision to dismiss Mr. Jordan's Fourteenth Amendment claim did not rest on the contents of his legal boxes. Rather, the Court determined that Mr. Jordan could not state a plausible Fourteenth Amendment claim because there were adequate state post-deprivation remedies that Mr. Jordan could pursue, which satisfied Mr. Jordan's right to due process. *See* (ECF No. 10 at 5-6). Therefore, an Amended Complaint containing additional facts describing the contents of Mr. Jordan's legal boxes would not have "succeed[ed] in stating a claim" under the Fourteenth Amendment. *Abbas*, 480 F.3d at 639.

Mr. Jordan disputes that state post-deprivation remedies are adequate, *see* (ECF No. 11 at 4), but the Second Circuit has already spoken on that issue, *see Riddick v. Semple*, 731 F.App'x 11, 13-14 (2d Cir. 2018), and the District Court is bound by the Second Circuit's decisions. *See*, *e.g.*, *Greenidge v. Barnhart*, No. 6:04-CV-0379, 2005 WL 357318, at *5 (N.D.N.Y. Feb. 11, 2005) (quotation omitted) (noting "[i]t is well settled that a 'federal district court is bound by the rule of the circuit in which it is located,' and the rule of the Second Circuit on the question governs."). Mr. Jordan has failed to allege in his motion for reconsideration "a clear error or…manifest injustice." *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255.

Accordingly, Mr. Jordan's arguments within the scope of a motion for reconsideration fail.

### ii. Issues outside the scope of a motion for consideration.

Other issues raised in Mr. Jordan's motion for reconsideration are outside the scope of such motion. For instance, Mr. Jordan maintains there are claims he "failed to address, such as 1st[,] 4th[,] and 14th Amendment" claims "because [he] was not aware of precisely what claim, or, cause was available." (ECF No. 11 at 3). He maintains that his allegation that he was actively

5

litigating five separate cases "should have been enough, to reflect, my not being able to access the court, and or defend myself." *Id.* at 5. Mr. Jordan claims the loss of his legal boxes "was also reflecting the long term intentional tampering, reading, copying, discarding, and or delaying and destroying [his] legal work, in an attempt to prevent, complicate, and deter my legal processes, Due process, [and] access to the courts, out of retaliation…" *Id.* at 6. Mr. Jordan then mentions, "for the record," that he had been denied proper medical and mental health care, that his ADA rights had been violated, that he was falsely imprisoned in the RHU without due process, and that prison officials reviewed, copied, removed, or destroyed documents in his legal boxes. *Id.* at 7-8.

These are all new claims. "A motion for reconsideration may be granted when a Court overlooks claims, but it may not be used as a vehicle to assert new claims." *Randolph v. Agosh*, No. 919CV1161DNHTWD, 2020 WL 13801989, at *2 (N.D.N.Y. Feb. 13, 2020) (citing *Fann v. Arnold*, No. 14-CV-6187, 2016 WL 2858927, at *2 (W.D.N.Y. May 16, 2016) (citation omitted); Gaind v. Cordero, 515 F. App'x 68 (2d Cir. 2013); *Humbach v. Canon*, No. 13-CV-2512, 2016 WL 3647639, at *3 (S.D.N.Y. June 30, 2016) (refusing to consider new claims asserted in motion to reconsider)). If Mr. Jordan wanted to raise these claims, he could have raised them in his Complaint. The Court will not consider new claims in the first instance in a motion for reconsideration, nor will it reconsider its Initial Review Order in light of these new theories of liability.

Mr. Jordan also alleges additional facts and argument regarding his First Amendment denial of access to the courts claim. *See* (ECF No. 11 at 9). "[A] motion for reconsideration may not be used to plug gaps in an original argument," "to argue in the alternative once a decision has

been made," *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d at 91, or "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n. 5. Stated simply, "Motions to reconsider are not 'do-overs.'" *Travelers Indem. Co. v. Northrop Grumman Corp.*, No. 12 CIV. 3040 (KBF), 2013 WL 12325152, at *2 (S.D.N.Y. Nov. 4, 2013). Therefore, Mr. Jordan cannot use these newly alleged facts and arguments to bolster claims that have already been dismissed.

Accordingly, Mr. Jordan's arguments made outside of the scope of a motion for reconsideration also fail.

## III.   CONCLUSION

Mr. Jordan has failed to allege in his motion for reconsideration "a clear error or…manifest injustice*." Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255. His other arguments are outside of the scope of a motion for reconsideration.

Accordingly, his motion for reconsideration, (ECF No. 11), is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 10th day of May, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

7