UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR L. JORDAN, SR., *Plaintiff*, | : : : : | |
| v. | : : | No. 3:24-CV-204 (VAB) |
| CHIAROO, ET AL., *Defendants*. | : : : | |

**RULIUNG AND ORDER ON THE AMENDED COMPLAINT**

Victor L. Jordan, Sr. ("Plaintiff") has filed a pro se Amended Complaint under 42 U.S.C. § 1983, alleging correctional officers violated his constitutional rights by refusing to electronically file his court documents or deliver electronic court notifications to him. (ECF No. 15 at 1).

After reviewing Mr. Jordan's Amended Complaint under 28 U.S.C. § 1915A(a), the Amended Complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1).

**I.    BACKGROUND**

Mr. Jordan filed a pro se Complaint under § 1983, raising claims against prison officials for tampering with or losing his legal materials. (ECF No. 1 at 5–9).

The Complaint did not clearly identify the nature of each claim or against whom each claim was brought. *See id*. But construing it liberally, the Court determined that Mr. Jordan raised (1) a Fourteenth Amendment lost property claim, (ECF No. 10 at 5); (2) a First Amendment denial of access to the courts claim, *id*. at 6; and (3) a First Amendment interference with legal mail claim. *Id*. at 8.

The Court dismissed with prejudice Mr. Jordan's Fourteenth Amendment claim for

deprivation of property and his First Amendment claim for interference with legal mail based on the open letter from the Claims Commissioner (i.e., the claims against defendants Chiaroo, Mary, Edge, and Property Officer John Doe). *Id.* at 10. The Court dismissed without prejudice Mr. Jordan's First Amendment claims for denial of access to the courts and interference with legal mail regarding NEFs. *Id.*

To allow Mr. Jordan the opportunity to state a viable claim, the Court permitted Mr. Jordan to replead his claims for denial of access to the courts and interference with legal mail regarding delivery of NEFs. *Id.* The Court admonished Mr. Jordan that an Amended Complaint would completely replace the Complaint and the Court would not consider any allegations made in the Complaint in evaluating any Amended Complaint. *Id.*

Before filing an Amended Complaint, Mr. Jordan filed a Motion for Reconsideration of the Court's Initial Review Order. (ECF No. 11). The Court denied that motion. (ECF No. 14).

Mr. Jordan then filed an Amended Complaint. (ECF No. 15).

Mr. Jordan alleges in his Amended Complaint that Counselor King refused to file Mr. Jordan's "E-file motion" in October 2023 unless Mr. Jordan begged her to file it. (ECF No. 15 at 2). Mr. Jordan claims Counselor King did not file the "E-file, regarding her biased retaliatory actions," and did not return the filing to Mr. Jordan after threatening to not file any future legal documents. *Id.*

Mr. Jordan maintains Counselor King did not file Mr. Jordan's "E-file" after he informed her that "he was going to sue her and her colleagues [ ] for denying him access to the court [ ] and abus[ing] [their] authority." *Id.* Mr. Jordan allegedly gave Counselor King an "E-file" to file

on October 25, 2023. *Id.* at 3. Counselor King allegedly "attempted to instigate an argument with him, in an effort to set him up [for] a disciplinary action." *Id.*

Mr. Jordan alleges that Lieutenant Bowers and Correctional Officers Fiore and Silva filed a report containing false allegations on October 30, 2023. *Id.* These officials allegedly placed Mr. Jordan in solitary confinement in retaliation for filing, or attempting to file, legal documents and to prevent Mr. Jordan from communicating with his attorney at a scheduled visit that morning. *Id.*

While in solitary confinement, Mr. Jordan allegedly asked Counselor King about the filing he gave her on October 25, 2023. *Id.* Counselor King allegedly told Mr. Jordan that she did not know what he was talking about. *Id.* Mr. Jordan allegedly never received this filing back from Counselor King. *Id.* Mr. Jordan allegedly called the Clerk's office to ask if the filing had been filed. *Id.* The Clerk's office allegedly informed Mr. Jordan that no filing had been filed regarding Counselor King's failure to file his pleadings. *Id.*

Mr. Jordan also alleges that correctional officers Sariani, Torres, and Crespo "are culpable for deliberate indifference [for] handling and[/]or mishandling the E-file documents and not directly delivering, and[/]or verifying that Plaintiff [ ] received his receipts [ ] from initial E-filings and or subsequent ruling[s], orders by the court[,] and[/]or filings by Defendants." *Id.* at 4. Mr. Jordan claims these actions took place on five occasions from August 2022 to December 2023. *Id.* Mr. Jordan alleges the correctional officers' conduct "hinder[ed] [his] ability to have unobstructed access to the court" and "prevent[ed] [him] from being able to litigate properly." *Id.*

The Court has thoroughly reviewed all factual allegations in the Amended Complaint and conducted further review of the allegations therein under 28 U.S.C. § 1915A.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia*, the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that Mr. Jordan plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual

4

allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by pro se plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.  DISCUSSION

The Second Circuit has long held that an amended complaint completely replaces the original complaint. *See International Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) (holding that the amended complaint completely replaces original complaint). Thus, the Court will only consider facts alleged in Mr. Jordan's Amended Complaint in support of his claims.[1]

### A.  The First Amendment Claim against Counselor King

For denial-of-access claims, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe

---

[1] For purposes of further review, the Court considers all of the following allegations to be true.

the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, Mr. Jordan must describe in his Amended Complaint the "biased retaliatory actions" for which he was suing Counselor King in as much detail as he describes Counselor King's failure to file his "E-file."

Moreover, "when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* Both "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.*

The underlying cause of action and its lost remedy are not described in enough detail to give Counselor King fair notice. Mr. Jordan does not describe Counselor King's "biased retaliatory actions" with any detail. Moreover, Mr. Jordan does not describe a "lost remedy," or, relief that he did not receive because Counselor King failed to file his "E-file."

As the Court noted in its Initial Review Order, Mr. Jordan could have, but did not, file his complaint against Counselor King after he was transferred to another prison on November 3, 2023. (ECF No. 10 at 7–8). Thus, Counselor King's refusal to file Mr. Jordan's "E-file" in October of 2023, at most, briefly delayed Mr. Jordan's ability to access the courts until he arrived at a new prison the following month. But "delay alone, without a showing of actual injury, does not amount to a violation of the right to petition the courts." *Shepherd v. Fraisher*, No. 96 CIV. 3283 JGK, 1999 WL 713839, at *7 (S.D.N.Y. Sept. 14, 1999). *See also Nicholas v. Remillard,* No. 92–CV–900, 1997 WL 711385 at *4 (N.D.N.Y. Nov. 13, 1997) (purported delay in filing motion for leave to file a supplemental pro se brief was not sufficient basis for denial of access claim absent proof that plaintiff sustained actual injury).

Because Mr. Jordan fails to describe his action against Counselor King with sufficient particularity to place her on notice of his claim, and because Mr. Jordan is unable to show actual injury in the form of a "lost remedy" caused by Counselor King's refusal to file his "E-file," Mr. Jordan has failed to sufficiently allege a First Amendment denial-of-access claim against Counselor King.

Accordingly, this claim is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

### B. The First Amendment Claim Against Correctional Officers Sariani, Torres, and Crespo.

To state a claim for denial of access to the courts, the plaintiff must assert non-conclusory allegations showing both that the defendant acted deliberately and maliciously, and that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996). The plaintiff must allege that the defendant took, or was responsible for, actions that frustrated his efforts to pursue a nonfrivolous legal claim. *Id.* This actual injury requirement "is not satisfied by just any type of frustrated legal claim." *Id.* at 354. The Supreme Court has restricted the types of claims to direct appeals of criminal convictions, habeas petitions, and "civil rights actions—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.' " *Id.* (citation omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Mr. Jordan's claim against correctional officers for failing to timely deliver NEFs was dismissed because he failed to identify an actual injury caused by the failure of defendants to timely deliver his NEFs. (ECF No. 10 at 10). Mr. Jordan merely alleged that the delayed delivery interfered with his access to the courts. *Id.* Similarly, in his Amended Complaint, Mr. Jordan

7

alleges that delayed delivery of the NEFs "hinder[ed] [his] ability to have unobstructed access to the courts" and "prevent[ed] [him] from being able to litigate properly." (ECF No. 15 at 4). These allegations are likewise too vague and conclusory to establish actual injury.

Even if the Court liberally construed defendants' actions as deliberate and malicious, Mr. Jordan's conclusory claims that defendants' actions hindered "unobstructed access to the courts" and "prevented him from being able to litigate properly" do not allege that defendants "frustrated his efforts to pursue a nonfrivolous legal claim," such as a direct appeal of a criminal conviction, habeas petition, or civil rights action. *Lewis*, 518 U.S. at 353. Rather, Mr. Jordan's allegations related to his general capacity to litigate are "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Accordingly, this claim will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

### III.  CONCLUSION

For the reasons stated above, Mr. Jordan's First Amendment claims for denial of access to the courts and interference with legal mail regarding NEFs are **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated this 23rd day of August, 2024, at New Haven, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE